```
                    UNITED STATES BANKRUPTCY COURT
                  FOR THE SOUTHERN DISTRICT OF IOWA

IN RE:                              )
                                    )    Chapter 7
MARK QUAGLIANO, d/b/a               )
LOCKE & ASSOCIATES,                 )    Bankruptcy No. 05-10523
                                    )
     Debtor.                        )
_____ )
VALLEY BANK,                        )
                                    )    Adversary No. 06-30103
     Plaintiff,                     )
                                    )
vs.                                 )
                                    )
MARK QUAGLIANO, d/b/a               )
LOCKE & ASSOCIATES,                 )
                                    )
     Defendant.                     )
```

**ORDER RE: COMPLAINT**

This matter came before the undersigned on August 8, 2007 for trial on the Complaint to Determine Dischargeability Under Section 523(a)(2)(A). Plaintiff Valley Bank was represented by attorney Tim Zollinger. Debtor Mark Quagliano appeared pro se. After the presentation of evidence and argument, the Court took the matter under advisement. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(I).

**STATEMENT OF THE CASE**

Debtor had a business account with Plaintiff, Valley Bank ("the Bank"). At the time Debtor filed his bankruptcy petition, the account was overdrawn by $7,007.40. The Bank asserts that the overdraft results from actual fraud and should be excepted from discharge under 11 U.S.C. § 523(a)(2)(A). Debtor denies he committed any fraudulent acts.

**FINDINGS OF FACT**

Debtor Mark Quagliano ("Quagliano"), d/b/a Locke & Associates ("Locke"), operated a private collection agency. Locke maintained its business account #1022193 at the Bank. Quagliano was the authorized party on this account. In the ordinary course of his business, Quagliano deposited recovery checks in this account, regardless of the named payee; waited until the 25th of each month to ensure the recovery check had

1

cleared; and then deducted Locke's twenty-five percent commission and released the remainder to the creditor. During January, 2005, Locke was employed by Wireless Resources to recover a $45,000 debt from American Tower ("ATC").

On approximately January 18, 2005, Locke received a check for $45,000 drawn by ATC and made payable to "AR Wireless." At Quagliano's instruction, his office manager endorsed the check "AR Wireless Inc Steve Harris Pay to the order of Locke & Associates," stamped the check with Locke's endorsement stamp, and deposited the check into account #1022193 at the Bank. The deposit transaction was processed on January 19. The Bank put a routine automatic hold on the check until approximately January 31, due to the check's amount and out-of-state origin.

Prior to February 7, 2005, A/R Wireless contacted ATC to determine the whereabouts of a $45,000 payment for invoiced services. At that time, ATC realized the A/R Wireless check had been mailed in error to Locke. On February 7, ATC learned the check had been deposited into Locke's account at the Bank and confirmed with A/R Wireless that Locke did not have the authority to endorse or deposit checks payable to A/R Wireless. Also on February 7, ATC contacted the Bank and informed them of the situation. On February 7 or 8, the Bank debited account #1022193 in the amount of $45,000 and repaid ATC, leaving an account balance of negative $7,007.40. The Bank placed a hold on the entire account.

On February 8, ATC spoke with Quagliano. Upon notification of the problem, Quagliano contacted the Bank and requested that the disputed funds be held in escrow until the matter was resolved. This was not possible since the Bank had already disbursed the funds to ATC. Quagliano made some efforts to resolve the matter but became ill and was unable to continue working.

Quagliano filed a voluntary Chapter 7 petition on October 14, 2005. On Schedule F, he lists Valley Bank as holding an unsecured personal loan in the amount of $7,500. The parties agree that Quagliano did not have any unsecured loans with the Bank and that the Schedule F entry was intended to reflect the overdraft amount in account #1022193.

## CONCLUSIONS OF LAW

The Bank asserts its debt is excepted from discharge under § 523(a)(2)(A) (false pretenses, false representation, or actual fraud). It alleges that Quagliano knew he had no authority to endorse or deposit checks for A/R Wireless but nonetheless

2

intentionally did so in an attempt to defraud the Bank. Quagliano contends that he followed his usual business practice, acted in good faith, made an honest mistake and did not intend to defraud the Bank.

### 11 U.S.C. § 523(a)(2)(A)

(a) A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt--

...

(2) for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by-

(A) false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition.

### ANALYSIS

Exceptions to discharge are construed narrowly to ensure the Bankruptcy Code's "fresh start" policy is not frustrated. Werner v. Hofmann, 5 F.3d 1170, 1172 (8th Cir. 1993). To establish an exception under § 523(a)(2)(A), a plaintiff must prove, by a preponderance of the evidence, that the debt results from "false pretenses, a false representation, or actual fraud." Fed. R. Bankr. P. 4005; 11 U.S.C. § 523(a)(2)(A); Grogan v. Garner, 498 U.S. 279, 291 (1991). Plaintiff has the burden to prove five elements:

(1) the debtor engaged in false pretenses, made a false representation, or committed actual fraud;

(2) the debtor knew the representations were false at the time they were made;

(3) the debtor made the representations with the intention and purpose of deceiving the creditor;

(4) the creditor justifiably relied on the representations, Field v. Mans, 516 U.S. 59, 72 (1995); and

(5) the creditor's alleged injury was a proximate result of the false representations.

In re Van Horne, 823 F.2d 1285, 1287 (8th Cir. 1987).

3

As a threshold matter, the Bank must establish that Quagliano received some benefit of financial value as a result of the transaction.  11 U.S.C. § 532(a)(2); In re Mauer, 256 B.R. 495, 500 (B.A.P. 8th Cir. 2000).  The Bank demonstrated that after the funds were reimbursed to ATC, Quagliano's account was overdrawn in the amount of $7007.40.  Quagliano does not dispute this figure.  Thus, Quagliano received a financial benefit to which he was not entitled.  The Bank has met its threshold burden.

Under § 523(a)(2)(A), the Bank must first prove that Quagliano made a false representation, a false pretense, or engaged in actual fraud.  11 U.S.C. § 523(a)(2)(A); Van Horne, 823 F.2d at 1287.  Actual fraud requires an intentional deception perpetrated to lure another party to part with property.  In re Eggleston, 243 B.R. 365, 373 (Bankr. W.D. Mo. 2000).  A false representation occurs when the debtor makes an express misrepresentation.  False pretenses result from intentional conduct designed to foster a false impression.  Id.  Quagliano made a representation which was incorrect when he endorsed and deposited the check through his agent.

The Bank, however, must establish that Quagliano knew the representation was false at the time it was made.  Van Horne, 823 F.2d at 1287.  Knowledge can be shown by direct evidence or by inference from the evidence as a whole.  In re Laughlin, 2006 WL 3000107, at *6 (Bankr. S.D. Iowa Oct. 13, 2006); In re Higginbotham, 117 B.R. 211, 214 (Bankr. E.D. Va. 1990).  The Bank contends Quagliano endorsed the check knowing that he was not authorized to do so.  Quagliano claims he made an innocent misrepresentation and did not know his representation was incorrect.

Quagliano contends he was expecting a check from ATC in the amount of $45,000.  He received a check from ATC in the amount of $45,000 and, knowing that many businesses operate under multiple names, he assumed that "AR Wireless" was his client, "Wireless Resources."

Based upon the entire record, the Court concludes that Quagliano's position is reasonable and supported by the evidence.  The Court ultimately concludes that Quagliano did not know that he was making a false representation.

The Bank must also prove Quagliano's fraudulent intent to except the debt from discharge.  Van Horne, 823 F.2d at 1287.  It must demonstrate that the misrepresentation was made with the intention and purpose of deceiving the creditor.  Id.  Intent can be established by direct evidence but must usually be inferred

4

from circumstantial evidence.  Laughlin,2006 WL at *6; Higginbotham, 117 B.R. at 214.

The Bank has offered no direct evidence that Quagliano possessed the intent to deceive.  Additionally, it has presented no circumstantial evidence supporting such a finding.  The Bank's sole basis for arguing fraudulent intent is premised on its claim that Quagliano should not have deposited any check that was not made out to him.  The Bank asserts that this alone is sufficient to establish fraudulent knowledge and intent.  This argument, while perhaps factually accurate, provides no real insight into Quagliano's intent.  Quagliano's usual and customary practice was to deposit checks into account #1022193 at the Bank, wait for the checks to clear, deduct his commissions, and disburse the remainder to his clients on the 25th of each month.  At a twenty-five percent commission rate, Quagliano's portion of a $45,000 recovery would amount to $11,250.  Quagliano spent $7,007.40.  He did not have any unusual transactions.  He did not attempt to remove the remainder of the $45,000 from the account during the period when the funds were fully available.  Thus, the circumstances indicate that Quagliano did nothing more than follow his usual practice.

This Court concludes that Plaintiff has failed to establish that Quagliano knew his representations were false at the time he caused the check to be endorsed and deposited.  Likewise, the Court concludes that Plaintiff has failed to establish that Quagliano intended to deceive or defraud the Bank.

**WHEREFORE,** Plaintiff has failed to prove the elements of 11 U.S.C. § 523(a)(2)(A) by a preponderance of the evidence.

**FURTHER,** Plaintiff's Complaint to Determine Dischargeability under Section 523(a)(2)(A) is DENIED.

**FURTHER,** judgment shall enter accordingly.

Dated and Entered: September 20, 2007

_____
PAUL J. KILBURG
U.S. BANKRUPTCY JUDGE